AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of Oregon

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
3 vials of blood and 1 container of urine located at St. Charles Hospital Laboratory, Bend, Oregon as set forth in Attachment A

Case No. 3:20-mc-00833

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
3 vials of blood and 1 container of urine located at St. Charles Hospital Laboratory, Bend, Oregon as set forth in Attachment A hereto,

located in the ____________ District of Oregon, there is now concealed *(identify the person or describe the property to be seized)*:
The information and items set forth in Attachment B hereto.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ❒ contraband, fruits of crime, or other items illegally possessed;
- ❒ property designed for use, intended for use, or used in committing a crime;
- ❒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 113(a)(6) | Assault, Serious Bodily Injury |

The application is based on these facts:
See affidavit which is attached hereto and incorporated herein by this reference.

☑ Continued on the attached sheet.

❒ Delayed notice of ______ days *(give exact ending date if more than 30 days:* ____________ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Joshua Capehart, TFO, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone at 5:08 p.m. *(specify reliable electronic means)*.

Date: 08/13/2020

[signature: Stacie F. Beckerman]
*Judge's signature*

City and state: Portland, Oregon

Stacie F. Beckerman, United States Magistrate Judge
*Printed name and title*

DISTRICT OF OREGON, ss:        AFFIDAVIT OF JOSHUA C. CAPEHART

**Affidavit in Support of an Application
Under Rule 41 for a Search Warrant**

I, Joshua C. Capehart, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1.      I am a Detective with the Warm Springs Police Department, and have been commissioned through the Warm Springs Police Department for approximately 9 years. I have been employed as a law enforcement professional for approximately 12 years. I was promoted to Detective in July of 2012.  I was promoted to Detective Sergeant in October of 2017. At the time of this application, I am in an acting role as Lieutenant of Investigations. I am also a Special Deputy United States Marshal and am assigned to the FBI's Safe Trails Task Force. My experience as a police officer has given me the opportunity to work on over 300 cases involving child neglect, child abuse, child sexual abuse, and child abandonment, assault, assault resulting in serious and substantial bodily injuries, homicide cases, and cases involving weapons offenses. During my law enforcement career I have accumulated over 1,100 hours of formal training including training in the investigation of various state, tribal, and federal crimes. Based on my training and experience Based on my training and experience I am familiar with many aspects of cases of Assault and Assaults resulting in substantial bodily injury. I know that an individual's Blood Alcohol Content is evidence that can be used to predict the individual's disposition and mental capacity when the offence occurred.

2.      This application and affidavit stem from an ongoing investigation by the Warm Springs Police Department.   The facts set forth in this affidavit are based on the following: my own personal knowledge; information obtained from other individuals during my participation in this investigation, including other law enforcement officers; my review of records related to this

investigation; communications with others who have knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that others or I have learned during the course of this investigation.

**Purpose of Application**

3. This investigation involves the assault with substantial bodily injury of Adult Victim 1 date of birth XX/XX/1966 (AVI) and Adult Victim 2 date of birth XX/XX/1974 (AV2) by Anthony Culps Jr. (CULPS JR) date of birth XX/XX/1997 who is an enrolled member of the Confederated Tribes of the Warm Springs Reservation of Oregon holding an enrollment number of 4969. This assault occurred on August 12, 2020 near milepost 21.5 on BIA Highway 3. AVI is an enrolled member of the Confederated Tribes of the Warm Springs Reservation of Oregon. AV2 is a Native American from Canada's Objiwe Tribe and his/her enrollment number is unknown at this time. Milepost 21.5 on BIA Highway 3 is within the exterior boundaries of the Warm Springs Indian Reservation.

4. I submit this affidavit in support of an application under Rule 41(e) of the Federal Rules of Criminal Procedure for search warrants authorizing the search and seizure of 3 vials of CULPS JR's blood and 1 urine container taken by hospital staff at the time of his admittance into St. Charles Hospital in Bend, Oregon more fully described in Attachment A, hereto for the items described in Attachment B. As set forth below, I have probable cause to believe and do believe that the items set forth in Attachments B constitute evidence of violations of Title 18, United States Code, Section 113(a)(6) Assault resulting in serious bodily injury.

## Applicable Law

5. This investigation concerns alleged violations of Title 18, United States Code, Section 113(a)(6) Assault resulting in serious bodily injury. Section 113(a)(6) provides that whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault resulting in serious bodily injury shall be punished by a fine or imprisonment for not more than ten years, or both. Jurisdiction for major crimes in Indian Country is governed by Title 18 United States Code Section 1153. The crimes under investigation are subject to 18 U.S.C. § 1153 and were committed in Indian Country by an Indian.

## Types of Evidence

6. I know that the consumption of intoxicants, and the resulting impairment, is often a contributing factor in motor vehicle collisions and impaired driving performance. Some common effects of intoxicant consumption include: lowering of inhibitions, impairment of time and depth perception, diminished fine and major motor skills and impairment of thought processes and cognitive function.

7. Based upon my training and experience, I know that samples of a suspect's blood will contain evidence of the suspect's level of alcohol intoxication. I know that analysis of blood samples will determine the concentration of alcohol present in the suspect's body.

8. Based upon my training and experience, I also know that a sample of a suspect's blood and urine can provide evidence of the presence of a controlled substance or pharmaceutical drug in its original or metabolized form. I know that if a person has consumed intoxicants that they will be detectable in that person's blood and urine for a period of time before being processed

and dissipated by the body. I also know from my training and experience that this time period will be affected by a number of factors including but not limited to when the person consumed the intoxicant, the type of intoxicant, and whether the intoxicant was combined with another intoxicant.

9. Based on my training and experience, I also know that a driver transported from the scene of a crash for treatment at a hospital may have samples of their blood taken by the hospital in the course of treatment. Evidence of intoxicants, including alcohol and or drugs can be found in the blood or urine and I know in my training and experience that this blood is often taken close in time to the time of driving. I also know that after the hospital tests a portion of the blood and urine that the remainder of those blood and urine samples taken by the hospital is retained by the hospital's laboratory for a short period of time before they are discarded.

10. Furthermore, I know that a certified phlebotomist or qualified person acting under the direction and control of a duly licensed physician is available to take these samples in a safe and medically acceptable manner.

11. I know that an individual's blood alcohol content (BAC) can be determined through analysis by a certified forensic lab like the Oregon State Police Crime Lab. I know that forensic labs like the Oregon State Police Crime Lab require at least two vials of blood in order to conduct a BAC test from an individual. I know the Oregon State Police Crime Lab can determine the presence of pharmaceuticals and controlled substance in an individual through urine analysis that may cause impairment.

**Statement of Probable Cause**

12. On August 12, 2020, I was on duty as a Detective Lieutenant with the Warm Springs Police Department as well as being assigned to the Federal Bureau of Investigation (FBI) Safe Trails Task Force as a federal Task Force Officer. I was on duty within the exterior boundaries of the Warm Springs Indian Reservation, in the county of Jefferson, state of Oregon.

13. On this date at approximately 8:53 AM, the Warm Springs Police Department (WSPD) and Warm Springs Fire and Safety (WSFS) responded to an injury motor vehicle crash on Highway 3 at approximately mile post 21.5 (GPS Coordinates 44°57’13” N 121°19’37” W).

14. Upon my arrival at about 9:05 AM, Warm Springs Fire and Safety was already on scene and tending to three (3) injured persons identified as CULPS JR, AV1, and AV2. A bystander was also on scene and assisting medics. CULPS JR and AV2 were lying near the involved vehicle and were strapped down to medical backboards. Both CULPS JR and AV2 had visible injuries and were crying in pain. I could see a large amount of blood pooling near CULPS JR’s head. Medics told me that AV2 was the most critical of the patients and had lost and regained consciousness. AV1 was located in the front passenger seat of the involved vehicle and was in visible pain. AV1 had a substantial amount of blood on his/her right forearm area and what appeared to be fractured right leg or a large contusion in the area of his/her shin. AV1’s shoes were off of feet and his/her body was trembling as if he/she was cold.

15. The vehicle involved was a 2005 Ford F-250 extended cab pickup bearing Washington license plate A93385X. The registration of the Ford returned to WITNESS 1 (W1) of Wishram Washington. Based on previous knowledge I know that W1 is a direct relative of CULPS JR. The Ford was severely damaged and appeared to have rolled multiple times coming

to rest on its wheels up against a barbed wire fence. There was a large amount of debris surrounding the Ford including multiple alcoholic beverage containers of various brands. The alcoholic beverage containers included Bud light, Budweiser, Keystone Ice, and an empty pint sized plastic bottle of Black Velvet. All of the alcoholic beverages were empty, no full beverage containers were found. I could smell a strong odor of an alcoholic beverage coming from the area of the Ford. The Ford was resting about 15 feet east of the northbound guardrail.

16. Based on dust tire marks found on Highway 3 and the damage to the guardrail, it appeared as if the Ford was traveling north of Highway 3 near milepost 21.5, crossed the centerline and went onto the southbound gravel shoulder before returning to the roadway and striking the northbound guardrail causing the Ford to roll. The Ford nearly went over an embankment that is approximately 100 feet deep and very steep.

17. As medics were tending to CULPS JR. and AV2, I spoke with AV1. AV1 said CULPS JR. was driving and lost control when he tried to avoid a pedestrian that was walking on the road. *Note: WSFS Medics responded to this scene from the north and did not see any pedestrians while in route.* AV1 continued to complain of severe neck and leg pain. A C-Spine collar was placed onto AV1's neck.

18. I assisted medics with loading all subjects into the ambulances. While loading all subjects into the ambulances, I could smell a strong odor of an alcoholic beverage coming from their breath and persons.

19. CULPS JR. and AV2 were transported to the Simnasho Longhouse where an air ambulance-landing zone was established. Both CULPS JR. and AV2 were flown via air ambulance to St. Charles Hospital in Bend, Oregon. AV1 was transported via ground ambulance

to St. Charles in Madras, Oregon.

20. At about 2:30 PM, I spoke with the charge nurse at St. Charles Bend and inquired about CULPS JR's admittance blood alcohol content (BAC). The charge nurse told me that CULPS JR' s BAC was 0.24 % by volume and that she would fax the results to the Warm Springs Police Department. I then called St. Charles Madras and asked if AV1 would be in any condition to be interviewed. I was told that AV1 was transferred to St. Charles Bend as he/she had multiple neck fractures.

**Conclusion**

21. Based on the foregoing, your affiant respectfully submits that there is probable cause to believe that evidence of a crime will be found at the premises described in Attachment A pertaining to alleged violation of the Title 18, United States Code, Section 113(a)(6) (Assault resulting in serious bodily injury).

22. Your affiant therefore respectfully requests that the attached warrants be issued authorizing the search and seizure of the items listed in Attachments B at the locations described in Attachments A.

\ \ \

\ \ \

\ \ \

\ \ \

23. Prior to being submitted to the Court, this affidavit, the accompanying application, and the requested search warrant were all reviewed by Assistant United States Attorney (AUSA) Pamela Paaso, and AUSA Pamela Paaso advised me that in her opinion the affidavit and application are legally and factually sufficient to establish probable cause to support the issuance of the requested warrant.

By phone
Joshua C Capehart
Detective Lieutenant / TFO

Subscribed and sworn to before me by telephone on this 13th day of August 2020, at 5:08 a.m./p.m. in accordance with Federal Rule of Criminal Procedure 4.1

Stacie F Beckerman
Honorable STACIE F. BECKERMAN
United States Magistrate Judge

**Attachment A**
**Place to Be Searched**

Three (3) vials of blood and one (1) container of urine identified with Anthony Culps Jr.'s name and date of birth xx/xx/1997 currently located at St. Charles Hospital Laboratory, 2500 NE Neff Rd, Bend, Oregon.

**Attachment B**

**List of Evidence to Be Seized and Searched**

1. 2 grey top vials of blood and 1 green top vial of blood from Anthony Culps Jr. date of birth xx/xx/ 1997.
2. 1 urine container with orange top from Anthony Culps Jr. date of birth xx/xx/1997.

**Search Procedure**

3. A state accredited lab will perform qualitative and quantitative analysis of blood and urine samples, for blood alcohol content and the presence and quantity of other intoxicants.